# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| NINA FLECHA, on behalf of herself and all others similarly situated, | § § § | |
| PLAINTIFF | § § | CASE NUMBER: 1:16-cv-00792 |
| v. | § § | |
| MEDICREDIT, INC. and FIDELITY AND DEPOSIT COMPANY OF MARYLAND | § § § § | **DEMAND FOR JURY TRIAL** |
| DEFENDANTS. | § § § | |

## PLAINTFF'S ORIGINAL CLASS COMPLAINT

1.      Plaintiff NINA FLECHA ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") to obtain statutory damages, and other relief.

2.      Defendant MEDICREDIT, INC. ("Medicredit") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on a Seton Medical Center Hays healthcare account. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), and pursuant to 15 U.S.C. 1692k(d).

4.     Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

5.     Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

6.     Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff.

## THE PARTIES

7.     Plaintiff, Nina Flecha, ("Plaintiff") is an individual who resides in Hays County, Texas and is a consumer as defined by the FDCPA.

8.     Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri corporation with its principal place of business at 3 Cityplace Drive Suite 690, St. Louis, Missouri 63141-7089. It does or transacts business in Texas. Medicredit can be served at CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201. (Exhibit A, Record from Texas Office of the Comptroller).

9.     Defendant Medicredit is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10.     Defendant Medicredit is a third-party debt collector that has obtained a surety bond and filed a copy of the bond with the Office of the Secretary of State. (Exhibit B, Record from Texas Secretary of State).

11.     Defendant Midland regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

12.     Defendant Fidelity and Deposit Company of Maryland ("FDCM") is the surety company for the bond Medicredit has on file with the Texas Secretary of State. FDCM is liable for acts committed by Medicredit pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law. Specifically, FDCM is liable on bond number 09124533. FDCM can be served at Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701-3218.

## FACTUAL ALLEGATIONS

13.     Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Seton Medical Center Hays account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

15.     Seton Medical Center Hays assigned the alleged debt to Medicredit for collection.

16.     On or about October 2, 2015, Medicredit sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

17.     The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and a current balance on the alleged debt.

18.     The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

19.     Exhibit C is a form letter.

20.     The Letter stated in relevant part:

> **At this time, a determination must be made by our client as to the disposition of your account. Your failure to cooperate in satisfying this debt indicates voluntary resolution is doubtful.**

(Exhibit C, Collection Letter of October 2, 2015)

21.     The use of legal terminology (e.g. "disposition"), along with Defendant's claim that voluntary resolution is doubtful, would lead the unsophisticated consumer to believe Medicredit was threatening a possible lawsuit against Plaintiff.

22.     The only (legal) way to resolve a debt involuntarily is by use of the courts.

23.     However, Medicredit's client, Seton Medical Center Hays, does not sue consumers for medical debts.

24.     Medicredit's threat was false, as its client never intended to sue Plaintiff over her unpaid medical debt.

25.     Medicredit made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

26.     Medicredit's threat was intended to make the consumer afraid of a lawsuit or other legal action, even though its clients did not intend to take legal action.

27.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

28.     Medicredit threatened legal action against Plaintiff that its client did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it falsely threatened that it or its client would file a lawsuit.

29.     A statement is deceptive under the FDCPA if it leads the unsophisticated consumer to believe he may be sued, when the debt collector has no intention of filing a lawsuit. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131 (4th Cir. 1996). *See Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343 (E.D.N.Y. 2009). *See also United States v. Nat'l Fin. Servs.*, Inc., 820 F. Supp. 228 (D. Md. 1993), *aff'd*, 98 F.3d 131 (4th Cir. 1996); *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d 282 (N.D.N.Y. 2000).

30.     To date, Medicredit's client has not sued Plaintiff for the alleged debt, or any other consumers in Hays County for medical debts.

31.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Karp v. Recovery Srvcs, Inc.*, 2013 WL 6734110 (W.D. Tex. Dec. 18, 2013).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

33.     Defendant threatened legal action against Plaintiff that its client did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it falsely threatened that its client was considering a lawsuit as a possible remedy to collect an alleged debt.

## CLASS ALLEGATIONS

34.     Plaintiff, Jean Jones, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Texas from whom Defendant attempted to collect

a debt, upon which Defendant sent a letter substantially similar to that of exhibit C which uses the term "disposition," and which states that voluntary resolution is doubtful.

35.     As Exhibit C is a form letter sent out to many consumers, the Class consists of more than 35 persons from whom Defendant attempted to collect a debt.

36.     Plaintiff Flecha's claims are typical of the claims of each Class, as they are all based on the same collection letter. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues because at issue is the fact that Medicredit's client does not sue any consumers in Texas. Common relief is therefore sought on behalf of all members of each Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37.     The prosecution of separate actions by individual members of each Class would create a risk of inconsistent or varying adjudications with respect to the individual members of each Class, and a risk that any adjudications with respect to individual members of each Class would, as a practical matter, either be dispositive of the interests of other members of each Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

38.     Plaintiff Flecha will fairly and adequately protect and represent the interests of each Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of each Class and will be established by common proof. Moreover, Plaintiff Flecha has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and

against Defendant as follows:

    A.  Statutory damages in favor of all class members pursuant to 15 U.S.C. §

        1692k(a)(2);

    B.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    C.  Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
University Park
3300 N. Interstate Hwy 35, Ste. 7018, 7th Fl.
Austin, TX  78722
Ph: (512)524-9352
Fx: (512)593-5976
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com