IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NINA FLECHA | § | |
| | § | |
| V. | § | A-16-CV-792 LY |
| | § | |
| MEDICREDIT, INC., et al. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Judgment on the Pleadings (Dkt. No. 16); Plaintiff's Response (Dkt. No. 21); and Defendants' Reply (Dkt. No. 24). On January 23, 2017, the District Court referred the motion and related filings to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. GENERAL BACKGROUND

On June 27, 2016, Plaintiff Nina Flecha ("Flecha") filed this lawsuit, on behalf of herself and all others similarly situated, against Medicredit, Inc. ("Medicredit") a debt collection agency, and Fidelity and Deposit Company of Maryland, the surety company for Medicredit (hereinafter "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. After Flecha failed to pay a $5,166.71 medical bill owed to Seton Medical Center Hays ("Seton"), Seton assigned the alleged debt to Medicredit to collect the debt. On October 2, 2015, Medicredit sent a collection letter to Flecha which Flecha contends falsely threatened to take legal action against her without the intention to do so in violation of 15 U.S.C. § 1692e(5). Flecha alleges that the threat to take legal action was false because Medicredit's client, Seton, does not sue consumers for medical

debts. Flecha alleges that Medicredit made the false threat in an attempt to coerce her into paying the balance in full on the alleged debt. Flecha seeks statutory damages in favor of all class members, costs and attorneys' fees.

On September 23, 2016, Defendants filed the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) contending that Flecha has failed to state a valid claim under the FDCPA because the collection letter sent to Flecha does not constitute a threat of litigation under 15 U.S.C. § 1692e(5).

## II. STANDARD OF REVIEW

A motion under Federal Rule of Civil Procedure 12(c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (internal citations omitted). Thus, a Rule 12(c) motion should be granted if there is no issue of material fact, and if the pleadings show that the moving party is entitled to judgment as a matter of law. *Greenberg v. Gen. Mills Fun Grp., Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).

The standard for deciding a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008). Thus, "[t]he central issue is whether. . .the complaint states a valid claim for relief." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted). "The district court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (internal citations and quotations omitted). In analyzing the complaint, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Id.* at 312–13. "The tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

**A.     The FDCPA**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e). Section 1692e generally prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. §1692e. The section provides a non-exhaustive list of examples of such conduct, including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(5) and (10). Congress "clearly intended the FDCPA to have a broad remedial scope" and "[t]he FDCPA should therefore be construed liberally in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016) (quoting *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 n. 11(5th Cir. 2013)).

To determine whether a collection letter contains false, deceptive, or misleading representations, a court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *Daugherty*, 836 F.3d at 511 (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The Court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors, though not "one tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotations and citations omitted). "In the Fifth Circuit, the issue of whether an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp.3d 565, 569 (S.D. Tex. 2015) (citing *Gonzalez v. Kay*, 577 F.3d 600, 605–06 (5th Cir. 2009), *cert. denied*, 559 U.S. 936 (2010)). Because whether a collection letter is a question of fact, '[d]ismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Daugherty*, 836 F.3d at 512 (quoting *McMahon v. LVNV Funding*, 744 F.3d 1010, 1020 (7th Cir. 2014)). And "because district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects, district courts should be hesitant to dismiss § 1692e and § 1692f claims." *Carter*, 135 F. Supp.3d at 569 (*quoting Delgado v. Capital Mgmt. Servs. LP*, 2013 WL 1194708 at * 3 (C.D. Ill. March 22, 2013)). "Only the rarest FDCPA complaint that alleges a dunning letter is misleading or confusing may be dismissed on the pleadings." *Samuel v. Approved Credit Solutions*, 2015 WL 4548745, at *2 (S.D. Ind. July 28, 2015).

**B.     Section 1692e(5) and the Letter**

With regard to a threat of legal action, a collection letter violates § 1692e(5) if (1) a debtor would reasonably believe that it threatens legal action; and (2) the debt collector does not intend to

4

take legal action. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996); *Taylor v. Pinnacle Credit Services, LLC*, 2011 WL 1303430 at * 11 (N.D. Cal. April 4, 2011). Defendants do not dispute, at least for the purposes of their Motion for Judgment on the Pleadings, that Seton does not sue consumers for medical debts and thus Flecha has demonstrated that Seton had no intention of taking legal action against her. Dkt. No. 16 at 3. Therefore, the Court need only determine whether Flecha has alleged sufficient facts to meet the first factor—whether a debtor would reasonably believe that the letter Flecha received threatened legal action. There is no factual dispute on the contents of the Collection Letter, which stated, in relevant part:

> Your seriously delinquent Seton Medical Center Hays account remains unpaid despite past requests for payment.
>
> At this time, a determination must be made with our client as to the disposition of your account. Your failure to cooperate in satisfying this debt indicates voluntary resolution is doubtful. However, if it is now your desire to clear your account, you need to promptly remit the balance in full.
>
> ***
>
> **DO NOT IGNORE THIS NOTICE**
>
> Please call to make a payment by check or credit card by telephone

Dkt. No. 1-1 at 6 (emphasis in original).

Defendants argue that Flecha has failed to state a valid claim under § 1692e(5) because the letter does not expressly threaten litigation or imply that litigation is imminent. Several courts have held, however, that "an explicit statement or threat of legal action is unnecessary to establish a violation of Section 1692e." *Kreek v. Phycom Corp.*, 2007 WL 1229315, at *4 (N.D. Cal. Apr. 25, 2007) (quoting *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982)); *see also*, *Gonzales v. Arrow Financial Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011) ("a threat need not be express;

5

it can be implied"). Instead, courts have found that a debt collection letter can constitute a threat of legal action when it "creates the impression that legal action by defendant is a real possibility." *Robertson v. Richard J. Boudreau & Assocs., LLC*, 2009 WL 5108479, at *3 (N.D. Cal. Dec. 18, 2009).

Defendants rely on *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998), for their theory that in order for a collection letter to threaten legal action under § 1692e(5), "it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made."[1] Defendants contend that it is "well-settled" that "a violation of 15 U.S.C. § 1692e(5) only occurs due to an express threat of litigation or the implicit threat of <u>imminent</u> litigation." Dkt. No. 16 at 5. Defendants correctly state the holding of *Jenkins*. That decision, however, is a 1998 district court decision from the Northern District of Illinois, which does not bind this Court. Although the Fifth Circuit has not addressed this specific issue, its past decisions suggest that it would not set the bar so high with regard to whether a collection letter violated § 1692e(5). For example, as noted earlier, in *Daugherty v. Convergent Outsourcing*, the Fifth Circuit opined that whether a collection letter is confusing under § 1692e is a fact question, and dismissal of such a § 1692e complaint is only appropriate "when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." 836 F.3d at 512. The issue presented in *Daugherty* was whether a collection letter offering "settlement" of a time-barred debt violated the FDCPA, where the debt collector did not disclose the debt's unenforceablity

---

[1] Defendants also cite *Madonna v. Academy Collection Service, Inc.*, 1997 WL 530101 (D. Conn. Aug. 12, 1997) and *Knowles v. Credit Bureau of Rochester, Division of Rochester Credit Center, Inc.*, 1992 WL 131107 (W.D.N.Y. May 28, 1992). Notably, all of these decisions took place at the summary judgment or trial—not the pleading—stage of the case.

or expressly threaten litigation. Noting a circuit split on the issue, the court held that such a letter could be sufficiently deceptive or misleading to violate the FDCPA. The Court adopted the Seventh Circuit's reasoning in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014), that offers to settle were misleading because "a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount." *Id.* at 512.

District Courts in this circuit have not followed *Jenkins* and have not required a collection letter to communicate that a lawsuit is either imminent or a decision to litigate has already been made in order to find a violation of § 1692e(5). For example, in *Long v. H&P Capital, Inc.*, 2013 WL 3809672, at * 2 (N.D. Tex. July 23, 2013), the district court held that a collection letter that contained "vague statements" such as threatening to turn the consumer "over to the authorities" or to "escalate" her case if she did not pay the debt could lead an unsophisticated debtor to interpret such statements as threatening legal action. The court reasoned that "a debt collector who makes vague references that could be interpreted to imply that he is about to take some sort of legal action violates this section if he has no intentions of taking the threatened action." *Id.* (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir.1989)). *See also*, *Ikonomidis v. Duggins Law Firm, PLC,* 2014 WL 3497246, at * 2 (E.D. La. July 14, 2014) (holding that collection letter from law firm that did not expressly threaten litigation nevertheless created a fact issue as to whether there was an "implied threat" of litigation within the meaning of § 1692e(5)).

Numerous courts outside of the Fifth Circuit have also found that vague language in a collection letter can constitute a violation of § 1692e(5) if the letter creates the impression that legal

7

action by the debt collector is a real possibility. These courts have found the following statements sufficient to create a fact question on the issue:

- "[i]tem has been referred for Collection Action" and "[w]e will at any time after 48 hours take action as necessary and appropriate to secure payment in full;"[2]

- referenced settling matters "out of court" and "unless we receive your check or money order, we will proceed with collection procedures;"[3]

- "[f]ailure to pay this debt immediately can result in involuntary resolution;"[4]

- directing consumer to pay debt "so that further action by our office can be avoided;"[5]

- if debtor did not "work with" creditor, "further steps would be taken."[6]

Thus, despite Defendants' arguments, the standard articulated by *Jenkins* is far from the controlling rule regarding what is necessary to state a § 1692e(5) claim.

The question before this Court is whether it is plausible that an unsophisticated consumer could interpret the Collection Letter here as implying that Seton would file a lawsuit against her if she did not pay her debt. The Court finds that the use of the phrases "a determination must be made with our client as to the disposition of your account," along with the statement that "voluntary resolution is doubtful," could lead an unsophisticated consumer to believe that Seton was threatening to file a lawsuit unless the debt was paid. The use of the term "voluntary resolution" implies that

---

[2]*Pipiles*, 886 F.2d at 25-26.

[3]*Baker*, 677 F.2d at 778-79.

[4] *Samuel v. Approved Credit Solutions*, 2015 WL 4548745, at *3 (S.D. Ind. July 28, 2015).

[5] *Canlas v. Eskanos & Adler, P.C.,* 2005 WL 1630014 at * 2 (N.D. Cal. July 6, 2005).

[6]*Perretta v. Cap. Acquisitions & Mgmt. Co.*, 2003 WL 21383757 at *4 (N.D. Cal. May 5, 2003).

if Flecha did not pay the debt voluntarily, Seton would proceed with an *involuntary* resolution, which could easily be interpreted by an unsophisticated consumer to mean a lawsuit. The use of the term "resolution" could be interpreted to mean a "court decision." *See* THE AMERICAN HERITAGE DICTIONARY (3rd ed. 1996) (defining resolution as "[a] court decision"); BLACK'S LAW DICTIONARY (10th ed. 2014) (defining resolution as "[a] court's solemn judgment or decision"). In making this assessment, the Court is also guided by the Fifth Circuit's instructions regarding determining whether a collection demand is misleading, which another district court in this circuit has summarized to mean that "because district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects, district courts should be hesitant to dismiss § 1692e and § 1692f claims." *Carter*, 135 F. Supp.3d at 569. Based on the foregoing, the Court finds that it is plausible that an unsophisticated consumer could interpret the Letter to imply that Seton would file a lawsuit against Flecha if she did not pay her debt.

The Court again emphasizes that unlike the cases Defendants cite, this case is merely at the pleading stage and "[o]nly the rarest FDCPA complaint" should be dismissed at the pleading stage. *Samuel*, 2015 WL 4548745 at * 2 ("[E]ven if the communication may not seem deceptive on its face, a plaintiff is permitted to offer evidence at a summary judgment or trial stage to show that indeed the language confuses the unsophisticated consumer"). As the Fifth Circuit has stated, whether a collection letter is confusing under the FDCPA is a question of fact and dismissal is only appropriate "when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Daugherty*, 836 F.3d at 512. The Court concludes that Flecha has alleged a plausible claim that Defendants violated 15 U.S.C. § 1692e(5) by threatening legal action that it did not intend to pursue.

9

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion for Judgment on the Pleadings (Dkt. No. 16).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of April, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE