UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NINA FLECHA, on behalf of herself and all others similarly situated, | § § § | |
| PLAINTIFF, | § § | CASE NUMBER: 1:16-cv-00792-LY |
| v. | § § | |
| MEDICREDIT, INC., and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | § § § § | |
| DEFENDANTS. | § § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff, Nina Flecha ("Plaintiff"), by and through her attorneys, pursuant to Federal Rule of Civil Procedure 56, submits this Memorandum in Support of her Motion for Summary Judgment as follows:

**TABLE OF CONTENTS**

I.   INTRODUCTION …………………………………………………………………………..1

II.  FACTS ………………………………………………………………………………….....2

III. THE FAIR DEBT COLLECTION PRACTICES ACT…………………………..………..2

IV.  LEGAL STANDARD …………………………………………………………………..…3

V.   ARGUMENT ……………………………………………………………………………….4

    A.  Plaintiff Has Satisfied the Prerequisite Requirements of the FDCPA ……….…..4

        i.   Plaintiff is a "Consumer" as Defined in §1692a(3)………….……………4

        ii.  Defendant Medicredit is a "Debt Collector" as Defined in §1692a(6)…....5

        iii. The Alleged Debt is a "Debt" as Defined in §1692a(5) …………………..6

    B.  Medicredit's May 29, 2016 Letter to Plaintiff Falsely Threatens Legal Action in Violation of §§1692e, 1692e(5) and 1692e(10) of the FDCPA …………………..6

        i.   Medicredit's Letter is an Implied Threat to Take Legal Action…………..7

        ii.  Medicredit Threatened Legal Action that It Did Not Intend to Take....…..9

VI.  CONCLUSION ………………………………………………………………………….10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ………………………………..…… 4
*Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982) ………………………………… 7
*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) …………………….. 9
*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) …………………………………………… 3
*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) …………………………………………………. 3
*Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016)……………… 1,7
*Flecha v. Medicredit, Inc.*, A-16-CV-792 LY, 2017 WL 1326312 at *3 (W.D.Tex. Apr. 10, 2017) …………………………………………………………………………………………7,8
*Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir.2000) …………………………….3
*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011)……………………1,7
*Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)………………………. 7
*Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012) ………………………………………….. 4
*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) ………… 1
*Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) …………………………………………...3
*Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008) …………………… 7
*Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) …………………………………………. 4, 8-9
*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) …………………………………….3
*Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 880 (5th Cir. 2014)……………………….3
*Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 WL 1160902, at *6 (7th Cir. Mar. 29, 2017) ……………………………………………………………………………………8
*Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3rd Cir. 2000) …………………………..5
*Robertson v. Richard J. Boudreau & Assocs.*, LLC, 2009 WL 5108479, at *3 (N.D. Cal. Dec. 18, 2009) ……………………………………………………………………………………………7-8
*Samuel v. Approved Credit Solutions*, 2015 WL 4548745, at *3 (S.D. Ind. Jul. 28, 2015)………7
*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir. 2003) …………..………………3

**Statutes**
15 U.S.C. § 1692 *et seq*…………………………………………………………………………1,2
15 U.S.C. § 1692a………………………………………………………………………………. 1,5
15 U.S.C. § 1692a(3) ……………………………………………………………………………. 4, 5
15 U.S.C. § 1692a(5) ……………………………………………………………………………..6
15 U.S.C. § 1692a(6) ……………………………………………………………………………..5
15 U.S.C. § 1692e ……………………………………………………………………… passim
15 U.S.C. § 1692e(5) ……………………………………………………………………….1,2,4,6
15 U.S.C. § 169e(10)…………………………………………………………………………. 1,2,4,6

**Other Authorities**
1977 USCCAN 1695, 1697……………………………………………………………………. 3
S. Rep. No. 382, 95th Cong, 1st Sess. 3 (1977) …………………………………………………3

**Rules**
Fed. R. Civ. P. 56 ……………………………………………………………………………….1,4
Fed. R. Civ. P. 56(c) ……………………………………………………………………………… 3
Fed. R. Civ. P. 56(e)……………………………………………………………………………. 4

**I.     INTRODUCTION**

Plaintiff submits this memorandum of law in support of her motion for summary judgment in her favor on her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

For the reasons set forth in this memorandum, Plaintiff's motion, and Rule 56 Statement of Material Facts in Support of Motion for Summary Judgment ("Statement of Facts" or "SOF"), Plaintiff respectfully requests that this court grant summary judgment in favor of Plaintiff and against Defendant Medicredit, Inc. ("Medicredit").

The Fair Debt Collection Practices Act is a consumer protection statute, the purpose of which is "to eliminate abusive debt collection Practices by debt collectors . . ." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) (quoting 15 U.S.C. § 1692(e)). Congress created the FDCPA in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection Practices by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011). Because of its broad scope, the FDCPA should be construed liberally in favor of the consumer. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016).

Plaintiff has alleged that Defendant Medicredit violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it falsely threatened that it or its client would file a lawsuit against Plaintiff to collect a debt, when Medicredit had no intention of doing so. [SOF ¶¶15, 28-30]. Section

1

1692e of the FDCPA broadly prohibits debt collectors from making false or misleading representations in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692e(5) of the FDCPA specifically prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

## II.     FACTS

Medicredit is a debt collector as defined by the FDCPA. [SOF ¶¶2-3]. Plaintiff incurred an alleged debt for personal medical services provided by Seton Medical Center Hays ("Seton"). [SOF ¶5]. Due to Plaintiff's deteriorating financial situation she was unable to pay the alleged debt and the account went into default. [SOF ¶¶10-11]. Seton subsequently assigned the alleged debt to Medicredit for collection from Plaintiff. [SOF ¶12]. On or about May 29, 2016, Medicredit mailed Plaintiff a collection letter [SOF ¶13]. The May 29, 2016 Letter conveyed information about the alleged debt, including the identity of the current creditor, the identity of the original creditor, and a current balance on the alleged debt. [SOF ¶14]. The Letter stated in relevant part that: "At this time, a determination must be made by our client as to the disposition of your account. Your failure to cooperate in satisfying this debt indicates voluntary resolution is doubtful." [SOF ¶15]. Medicredit does not file lawsuits on behalf of Seton [SOF ¶22]. To date, Seton has not sued Plaintiff for the balance of the alleged debt [SOF ¶28].

## III.    THE FAIR DEBT COLLECTION PRACTICES ACT

In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Congress recognized the universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . .

[T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce. S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 USCCAN 1695, 1697.

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The Act is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir.2000). The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *Accord*, *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). *Gearing*, 233 F.3d at 472.

IV.   LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *see also Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 880 (5th Cir. 2014). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

3

Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012). The substantive law of the issues raised by the claims asserted in the complaint determines what is "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). By these standards, Plaintiff's motion for summary judgment should be granted.

## V. ARGUMENT

Medicredit violated 15 U.S.C §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening Plaintiff with litigation in the May 29, 2016 collection letter when it, nor its client had any intention of suing Plaintiff for the alleged debt. [*See* SOF ¶29]. The May 29, 2016 collection letter which threatened Plaintiff was false, deceptive on its face, and would mislead the unsophisticated consumer. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Plaintiff respectfully requests that this Court grant summary judgment in her favor and against Medicredit on Plaintiff's FDCPA claims.

### A. Plaintiff Has Satisfied the Prerequisite Requirements of the FDCPA

For a plaintiff to succeed on a claim under the FDCPA, the plaintiff must be a "consumer," and the defendant must be a "debt collector" that sought to collect a "debt" from the plaintiff, as these terms are defined by the FDCPA. The evidence is clear that all three of these requirements are easily met.

#### i. Plaintiff is a "Consumer" as Defined in §1692a(3)

The FDCPA defines a "consumer" as:

**. . . any natural person obligated or allegedly obligated to pay any debt.**

15 U.S.C. § 1692a(3).

Here, Plaintiff is a natural person who resides within the Western District of Texas. [SOF ¶1]. Plaintiff is allegedly obligated to pay a debt to Medicredit, for a medical account with Seton Medical Center Hays. [SOF ¶5]. Plaintiff is therefore clearly a "consumer" as defined in 15 U.S.C. §1692(a).

### ii. Defendant Medicredit is a "Debt Collector" as Defined in §1692a(6)

Section 1692a(6) provides the following definition for "debt collector":

**. . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . .**

15 U.S.C. § 1692a(6).

The distinction between a "creditor" and a "debt collector" depends on the time of assignment of the debt in relation to the time of default, in that a "debt collector" is assigned the debt *after* it goes into default. *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379, 403-04 (3rd Cir. 2000). Medicredit admits that the alleged debt was assigned to it for collection after Plaintiff's default. [SOF ¶12]. Medicredit further admits that it sent the letter attached to Plaintiff's Complaint as Exhibit C, which contains an amount due, original creditor and account number. [SOF ¶¶ 13-14]. Medicredit does not dispute that it is a debt collector as defined by § 1692a(6). [SOF ¶3].

### iii. The Alleged Debt is a "Debt" as Defined in §1692a(5)

Section 1692a(5) provides the following definition for "debt":

> **. . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.**

15 U.S.C. § 1692a(5).

Plaintiff incurred a medical debt originally owed to Seton Medical Center Hays ("Seton"). [SOF ¶ 5]. Plaintiff visited Seton Medical on several occasions, usually through the emergency room. [SOF ¶¶6-7]. Thus, any alleged amount(s) owed to Seton were the result of emergency medical treatment. Further, Medicredit acknowledges that the alleged debt is a consumer receivable and that there is no evidence that the account was incurred for business purchases. [SOF ¶¶8-9]. Due to Plaintiff's financial difficulties, the account went into default. [SOF ¶¶10-11]. The alleged debt was subsequently assigned to Medicredit for collection. [SOF ¶12]. Because Plaintiff has satisfactorily declared that the debt was incurred solely for personal purposes and Medicredit has produced no evidence to the contrary, the alleged debt is a "debt" as defined at § 1692(a)(5) of the FDCPA.

### B. Medicredit's May 29, 2016 Letter to Plaintiff Falsely Threatens Legal Action In Violation of §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA

The FDCPA prohibits debt collectors from making false or misleading representations in connection with the collection of any debt. Specifically prohibited in §1692e(5) is "[T]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The FDCPA further prohibits, "[T]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). To determine whether a collection letter contains false, deceptive, or misleading representations, a court must view the letter from the perspective of an

6

"unsophisticated or least sophisticated consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 506, 511 (5th Cir. 2016) (*quoting Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). Plaintiff will establish that (1) the unsophisticated or least sophisticated consumer would reasonably interpret the communication as advancing a threat of legal action, *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008); and (2) possibility of the threatened lawsuit could be "ruled out," such that defendants had no intention of ever bringing legal action against her. *Id.*

### i. Medicredit's Letter Is an Implied Threat to Take Legal Action

On May 26, 2016, Medicredit sent Plaintiff a letter which stated, in part:

> At this time, a determination must be made by our client as to the disposition of your account. Your failure to cooperate in satisfying this debt indicates voluntary resolution is doubtful.

[SOF ¶¶14-15]. The use of legal terminology (*e.g.* "disposition") along with Defendant's claim that "voluntary resolution is doubtful," would lead the unsophisticated consumer to believe Medicredit was threatening a potential lawsuit against Plaintiff. *See Samuel v. Approved Credit Solutions*, 2015 WL 4548745, at *3 (S.D. Ind. Jul. 28, 2015) (the statement, "[f]ailure to pay this debt immediately can result in involuntary resolution" creates a question of fact as to whether the debt collector is threating legal action). A threat to take legal action does not have to be express. *See Gonzales v. Arrow Financial Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011). It is well established that an implied legal threat is sufficient to violate the FDCPA. *See id.*; *see also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *Larsen*, 533 F. Supp. 2d at 302 (E.D.N.Y. 2008). A collection letter can constitute a threat of legal action when it "creates the impression that legal action by defendant is a real possibility." *Flecha v. Medicredit, Inc.*, A-16-CV-792 LY, 2017 WL 1326312 at *3 (W.D.Tex. Apr. 10, 2017) (*citing Robertson v. Richard J.

*Boudreau & Assocs.*, LLC, 2009 WL 5108479, at *3 (N.D. Cal. Dec. 18, 2009). The phasing of Medicredit's letter creates the impression to the unsophisticated or least sophisticated consumer that legal action would occur if payment is not made. [SOF ¶16]. Plaintiff believed, and the unsophisticated consumer would believe that the "if you don't pay within a proper time, they can take legal action towards you or they can garnish your wages." [SOF ¶16].

> As this Court has previously stated,
>
> The use of the term "voluntary resolution" implies that if Flecha did not pay the debt voluntarily, Seton would proceed with an involuntary resolution, which could easily be interpreted by an unsophisticated consumer to mean a lawsuit. The use of the term "resolution" could be interpreted to mean a "court decision." See THE AMERICAN HERITAGE DICTIONARY (3rd ed. 1996) (defining resolution as "[a] court decision"); BLACK'S LAW DICTIONARY (10th ed. 2014) (defining resolution as "[a] court's solemn judgment or decision").

*Flecha*, A-16-CV-792 LY, 2017 WL 1326312 at *4.

The distinction between "voluntary" collection activity and "involuntary" legal action is not lost on Medicredit. *See* [SOF ¶¶ 23, 25, 27]. In fact, Medicredit describes its function as a "voluntary collection program", [SOF ¶23] meaning that it §does not sue consumers for Seton debts." [SOF ¶22]. "Carefully crafted language which is chosen to obscure a debt collector's rights is the sort of misleading tactic the FDCPA prohibits." *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 WL 1160902, at *6 (7th Cir. Mar. 29, 2017). Here, it is clear that Medicredit carefully selected the wording of its May 29, 2016 letter to create the impression that a lawsuit or other legal action would occur if Plaintiff did not voluntarily pay the alleged debt.

Here, the May 29, 2016 letter is crafted in order to induce an unsophisticated consumer to forgo her/his rights under the FDCPA and pay the alleged debt immediately so as to avoid a lawsuit that Medicredit knows is never going to materialize. [SOF ¶¶25-27, 29]; *see e.g. Lox*,

8

689 F.3d at 822. There is no genuine issue of material fact that the language in the May 29, 2016 letter from Medicredit to Plaintiff would cause the least sophisticated or unsophisticated consumer to believe legal action would occur if voluntary payment was not made.

### ii.   Medicredit Threatened Legal Action That It Did Not Intend to Take

The FDCPA prohibits debt collectors from threating to take any action that cannot legally be taken or is not *intended to be taken*. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)(emphasis in original). Medicredit did not intend to take legal action against Plaintiff. [SOF ¶¶29-30]. In fact, Medicredit does not file collection lawsuits against any consumers on behalf of Seton Medical Center. [SOF ¶22]. Moreover, Medicredit's collection efforts are limited to an automated series of collection letters spanning a 180-day period. [SOF ¶¶ 25-26]. If payment is not rendered from the consumer within the 180-day window, the account "qualifies" for placement back to Seton. [SOF ¶¶ 26-27]. The automated process used by Medicredit includes a series of three collection letter templates sent to consumers with Seton accounts. [SOF ¶¶ 17-19]. The letters are automatically ordered in Medicredit's system and placed with a vendor for mailing. [SOF ¶19].

Medicredit's statement that "a determination must be made by our client as to the disposition of your account" is therefore false. [See SOF ¶15]. Not only is the "determination" known at the time the letter is sent, but is based on the automated timeline. *Id.* Medicredit will send the account back to its client Seton at the expiration of the 180 days. [SOF ¶24]. At no time is a consumer's account reviewed by an employee or agent of Medicredit before the next collection letter or communication is sent [SOF ¶¶20-21]. No element of human intervention or legal review occurs on any given Seton account serviced by Medicredit. [SOF ¶21]. The same is true for Plaintiff's account. [SOF ¶¶29-30]. Medicredit did not intend to sue Plaintiff for the

balance of the Seton debt. *Id.* Plaintiff's account would have been sent back to Seton had this instant action not been filed. *Id.* Therefore, Medicredit's implied threat is false, and made in violation of the FDCPA.

## VI.   CONCLUSION

WHEREFORE, Plaintiff, Nina Flecha, respectfully requests that this court grant summary judgment in her favor on her FDCPA claim and against Defendant, Medicredit, Inc. and for any other or further relief the Court deems just and proper.

Respectfully submitted,

By:    /s/ *Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I, Celetha Chatman, an attorney, hereby certify that on March 13, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: March 13, 2018**　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　By:　　　/s/ *Celetha Chatman*

Celetha Chatman
Michael Wood
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com