UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NINA FLECHA, on behalf of herself and all others similarly situated, § § § | |
| PLAINTIFF, § | CASE NUMBER: 1:16-cv-00792-LY |
| § v. § § | |
| MEDICREDIT, INC., and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, § § § § | |
| DEFENDANTS. § | |

**STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Nina Flecha ("Plaintiff"), by and through her attorneys, submits this statement of material facts to which there are no genuine issues and which entitles Plaintiff to summary judgment in her favor, as follows:

**The Parties**

1. Plaintiff resides at 174 Emerald Canon Drive, Kyle, Texas 78640. *See* Exhibit A, Declaration of Nina Flecha, ¶ 1; Exhibit E, Deposition of Nina Flecha, pg. 11: 3-5.

2. Defendant, Medicredit, Inc. ("Medicredit") is a Missouri corporation with its principal place of business at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141-7089. It does or transacts business in Texas. Exhibit B, Defendant Medicredit's Answer and Affirmative Defenses, ¶ 8.

3. Medicredit is a "debt collector" as that term is defined in 15 U.S.C. ¶1692a(6). Exhibit B, Def. Ans. and Aff. Defs., ¶¶ 9-10.

1

**Jurisdiction and Venue**

4. Jurisdiction and venue is proper in this Court because parts of the acts and transaction occurred here, the Defendant transacts substantial business here, and Plaintiff's claim arises out of a federal statute. Exhibit B, Def. Ans. and Aff. Defs., ¶ 3; Exhibit A, Dec. of Nina Flecha, ¶ 4.

**The Violation**

5. Plaintiff is a natural person who incurred an alleged debt for goods and services used solely for personal purposes, originally for a Seton Medical Center Hays ("Seton") account ("alleged debt"). Exhibit A, Dec. of Nina Flecha, ¶ 2.

6. Plaintiff has been admitted to Seton on several occasions. Exhibit E, Dep. of Nina Flecha, pg. 24:19-24.

7. Plaintiff testified that her visits to Seton were through the emergency room. Exhibit E, Dep. of Nina Flecha, pg. 25: 8-10.

8. The alleged debt was a consumer receivable. Exhibit C, Defendant's Response to Plaintiff's Requests to Admit No. 5.

9. Medicredit has no evidence that the consumer account was used for business purchases. Exhibit C, Def. Resp. to Req. to Admit No. 6.

10. Due to Plaintiff's deteriorating financial situation, she was no longer able to keep up with her bills, including being unable to pay the alleged debt. Exhibit A, Dec. of Nina Flecha, ¶ 3.

11. Plaintiff failed to make timely payment in satisfaction of the Seton medical account. Exhibit C, Def. Resp. to Req. to Admit No. 2.

12. The alleged debt was assigned to Medicredit from Seton Medical Center Hays for collection. Exhibit B, Def. Ans. and Affirm. Def., ¶15.

13. On or about May 29, 2016, Medicredit mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt. Exhibit A, Dec. of Nina Flecha, ¶ 4; Exhibit C, Def. Resp. to Plf.'s Req. to Admit No. 10; Exhibit B, Def. Ans. and Aff. Defs., ¶ 16.

14. The May 29, 2016 Letter conveyed information about the alleged debt, including the identity of the current creditor, the identity of the original creditor, and a current balance on the alleged debt. Exhibit B, Def. Ans. and Aff. Defs., ¶ 17.

15. The Letter stated in relevant part that: "At this time, a determination must be made by our client as to the disposition of your account. Your failure to cooperate in satisfying this debt indicates voluntary resolution is doubtful." Exhibit B, Def. Ans. and Aff. Defs., ¶ 20.

16. Plaintiff believed "a determination" as stated in the Letter meant that "if you don't pay within a proper time, they can take legal action towards you or they can garnish your wages. Exhibit E, Deposition of Nina Flecha, pg. 48:1-11.

17. According to Defendant, Medicredit uses a series of letters that it sends to debtors with Seton accounts, which is determined by the time period in which the account has been placed with Medicredit. Exhibit D, Medicredit's 30(b)(6) Deposition, pgs. 17-18: 25, 1-3.

18. For the Seton accounts, there are three letters sent in a series, including a validation notice that goes out at time of placement, a subsequent letter which is similar to the letter sent to Plaintiff, and a payment arrangement reminder letter for those debtors who were on a payment arrangement. Exhibit D, Medicredit's 30(b)(6) Dep., pg. 18-19: 19-25, 1.

19. These letters are automatically ordered in Medicredit's system and then a letter template file goes to a letter vendor who then prints and mails them. Exhibit D, Medicredit's 30(b)(6) Dep., pg. 27:16-19.

20. The decision to send Exhibit A to Plaintiff was sent as an automatic function in Medicredit's automated software rather than by a human being. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 27:20-24.

21. In addition, Medicredit's legal department does not review letters sent to debtors on an individual basis; rather, they review the templates of letters that will go out and later be populated by variables associated with consumer data. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 25:16-21.

22. Defendant does not file collection lawsuits against consumers on behalf of Seton Medical Center. Exhibit C, Def. Resp. to Plf.'s Req. to Admit No. 14.

23. "Medicredit only does voluntary collection programs for Seton." Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 30:10-11.

24. For Seton accounts serviced by Medicredit, Medicredit has a window of approximately 180 days to collect from a debtor before the account is placed back with Seton. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 31:6-14.

25. Aside from voluntary efforts by the debtor to contact Medicredit and make payment arrangements, once a letter is sent out, the automation would take over in Medicredit's system. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 32:7-12.

26. After the expiration of the 180-day period, the account would "qualify" to be returned back to Seton. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 32:12-15.

27. For an account to "qualify" for return to Seton, the debtor has made no voluntary payment on the account or arrangements to pay with Medicredit. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 32:18-23.

28. To date, Medicredit's client, Seton Medical Center Hays, has not sued Plaintiff for the alleged debt. *See* Exhibit A, Dec. of Nina Flecha, ¶ 5.

29. In fact, because Medicredit never sues on Seton debt, Medicredit never planned to sue Plaintiff. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 33:16-20.

30. Had Plaintiff not filed this instant lawsuit, Medicredit would have returned Plaintiff's account to Seton. Exhibit D, Medicredit's 30(b)(6) Deposition, pg. 31:19-22.

                                              Respectfully submitted:

                                              /s/Celetha Chatman
                                              Celetha Chatman

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com