**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| NINA FLECHA, on behalf of herself and all others similarly situated, | § § § | |
| | § | Case No. 1:16-cv-00792-LY |
| Plaintiff, | § § | |
| | § | Honorable Judge Lee Yeakel |
| v. | § | |
| | § | |
| MEDICREDIT, INC., and | § | |
| FIDELITY AND DEPOSIT | § | |
| COMPANY OF MARYLAND, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Nina Flecha ("Plaintiff"), by and through her attorneys at Community Lawyers Group, Ltd., submits this Response in Opposition of Defendants' Motion for Summary Judgment and respectfully requests that this Court deny Defendants' Motion for Summary Judgment.

**INTRODUCTION**

The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute, the purpose of which is "to eliminate abusive debt collection practices by debt collectors . . ." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) (quoting 15 U.S.C. § 1692e). Congress created the FDCPA in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.§ 1692a. The FDCPA was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e; *Gonzales*

1

*v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011).  Because of its broad scope, the FDCPA should be construed liberally in favor of the consumer.  *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016).

On or about May 29, 2016, Medicredit mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt.  (Exhibit 1, Dkt. #85-1, Letter).  The Letter stated in relevant part that: "At this time, a determination must be made by our client as to the disposition of your account.  Your failure to cooperate in satisfying this debt indicates voluntary resolution is doubtful."  (Exhibit 1, Dkt. #85-1, Letter).  Plaintiff believed "a determination", as stated in the Letter, meant that "if you don't pay within a proper time, they can take legal action towards you or they can garnish your wages."  (Exhibit 3, Dkt. #85-1, Deposition of Nina Flecha, p. 48:1-11).  However, Medicredit never sues on Seton Medical Center Hays ("Seton") debts, and Medicredit never intended to sue Plaintiff.  (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) deposition, p. 31:19-22).

Plaintiff has alleged that Defendant Medicredit, Inc. ("Medicredit") violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it falsely threatened that it or its client would file a lawsuit against Plaintiff to collect a debt, as Medicredit had no intention of doing so.  In their Motion for Summary Judgment, Defendants collectively argue that "there is not a shred of evidence in the record that can substantiate [Plaintiff's] allegations that the letter she received from Medicredit (1) contains a threat of litigation (2) that the creditor had no intention or ability to carry out."  (Motion, Dkt. #85, p. 1).  However, for the reasons discussed below, Defendants' arguments fail and this Court should deny Defendants' Motion for Summary Judgment and enter judgment in Plaintiff's favor.

**LEGAL STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Cedillo v. Int'l Assoc. of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir. 1979).

Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The substantive law of the issues raised by the claims asserted in the complaint determines what is "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). By these standards, Plaintiff has satisfied her burden and Defendants' motion for summary judgment should be denied.

**ARGUMENT**

Section 1692e of the FDCPA broadly prohibits debt collectors from making false or misleading representations in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692e(5) of the FDCPA specifically prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or

attempt to collect a debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

Medicredit violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening Plaintiff with litigation in the May 29, 2016 collection letter when neither it, nor its client, had any intention of suing Plaintiff for the alleged debt. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 33:16-20). The May 29, 2016 letter, which threatened Plaintiff, was false, deceptive on its face, and would mislead the unsophisticated consumer. Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment and grant summary judgment in her favor and against Medicredit on Plaintiff's FDCPA claims.

## I.      Medicredit Threatened Legal Action That It Did Not Intend to Take

Defendants argue that "Plaintiff cannot establish that Medicredit violated Section 1692e(5) because Medicredit did not make a 'threat to take any action that cannot legally be taken or that is not intended to be taken.'" (Motion, Dkt. #85, p. 4). Specifically, Defendants argue that the "record is devoid of evidence that could be used by Plaintiff to satisfy her burden of establishing that Seton does not sue to collect on unpaid debts and did not intend to use to collect her debt," and "Plaintiff's own testimony is that Seton advised her that they could and would take legal action if the circumstances warranted it." (Motion, Dkt. #85, p. 4).

Despite Defendants' assertions, the deposition testimony of Defendants' corporate representative establishes that the possibility of the threatened lawsuit could be "ruled out," such that Defendants had no intention of ever bringing legal action. *Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302 (E.D.N.Y. 2008).

As outlined in Plaintiff's Memorandum in support of her own Motion for Summary Judgment (Dkt. #87-1), the FDCPA prohibits debt collectors from threatening to take any action

that cannot legally be taken or is not *intended to be taken*. *Bently v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) (emphasis in original). Medicredit did not intend to take legal action against Plaintiff. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 31:19-22). In fact, Medicredit does not file collection lawsuits against any consumers on behalf of Seton Medical Center. (Exhibit C, Dkt. #87-6, Defendants' responses to Plaintiff's Request to Admit, No. 14). Moreover, Medicredit's collection efforts are limited to an automated series of collection letters spanning a 180-day period. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 32:7-12, 12-15). The automated process used by Medicredit includes a series of three collection letter templates sent to consumers with Seton accounts. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, pp. 18-19:19-25, 27:16-19). Thus, Medicredit's statement that "a determination must be made by our client as to the disposition of your account" is false. Not only is the "determination known at the time the letter is sent, but it is based on the automated timeline. At no time is the consumer's account reviewed by an employee or agent of Medicredit before the next collection letter or communication is sent. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 25:16-21).

Medicredit did not intend to sue Plaintiff for the balance of the Seton debt. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 33:16-20). Plaintiff's account would have been sent back to Seton had this instant action not been filed. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 31:19-22). Therefore, Medicredit's implied threat to pursue legal action against Plaintiff to recover the Seton debt is false, and made in violation of the FDCPA.

*Cunningham v. Credit Mgmt., L.P.*, is distinguishable because the court found that the plaintiff "failed to produce evidence to support his allegation that the defendants did not intend to report his debt to a consumer reporting agency. Moreover, the defendants did in fact report

the debt to a consumer reporting agency. While not conclusive on the issue, the fact that the

defendants reported the debt to a consumer reporting agency is evidence of their intent to do so."

No. 3:09-CV-1497-G(BF), 2010 WL 3791049, at \*1 (N.D. Tex. Sept. 27, 2010). Here,

Defendants did not file a lawsuit and Plaintiff has shown, through deposition testimony, that the

Defendants lacked the intent to do so. Therefore, Defendants' reliance on *Cunningham* is

misplaced.

The summary judgment evidence establishes that Defendants' collectors do not file any

civil lawsuits against consumers, and never intended to take any legal actions against the debtors

with whom they communicated. Thus, their threats were patently false. Defendants argue that

*Talamor v. I.C. Sys., Inc.*, is "on all fours" with this case, however, this is untrue as Plaintiff has

provided more evidence than "a screenshot of a list of cases filed by Seton" and the deposition

testimony of Defendants' own representative supports Plaintiff's claim. No. 1:16-cv-0435-DAE,

2017 WL 3712186, at \*5 (W.D. Tex. Aug. 10, 2017) (Motion, Dkt. #85, p. 6). For example:

> Q.    Okay. Does -- does Medicredit, in your -- you know, based on your knowledge, . . . do you know if Medicredit has ever sued a consumer over a Seton debt?
> . . .
> A.    To my knowledge, Medicredit -- Medicredit has never sued a Seton consumer.
>
> Q.    Okay, does Medicredit have any plans to sue Ms. Flecha to recover this debt for Seton?
>
> A.    Medicredit only does voluntary collection programs for Seton.
>
> Q.    . . . In the letter, in the second paragraph, the collection letter in Exhibit A . . . it says, your failure to cooperate in satisfying this debt indicates a voluntary resolution is doubtful. Do you see that sentence?
>
> A.    Yes.

Q.  Okay.  And however, you just said me that Medicredit's involvement in settling Seton's debt is voluntary -- is limited to voluntary resolution is that correct?

. . .

A.  Our -- program is, as I said, a voluntary collection program.  If -- if somebody doesn't want to be voluntary -- voluntarily pay the debt that is owed, there's nothing else we can do.

(Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, pp. 27:25- 28:1-4, 9-10; 30:8-11; 30:13-31:5).

Plaintiff has pointed to evidence in the record sufficient to contradict Defendants' arguments and establish her FDCPA claim.  *See Manning v. Elevate Recoveries,* No. 4:16-CV-942-ALM-CAN, 2017 WL 5586674, at \*2 (E.D. Tex. Oct. 16, 2017) (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc) ("The Court resolves factual controversies for the purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties haves submitted evidence of contradictory facts.")).  Thus, this Court should deny Defendants' Motion for Summary Judgment.

**II.  Medicredit's Letter Holds an Implied Threat to Take Legal Action**

When deciding whether a debt collection letter violates Section 1692e, courts view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *Hsu v. Enhanced Recover Co., LLC*, No. 1:17-CV-128-RP, 2018 WL 315758, at \*2 (W.D. Tex. Jan. 5, 2018) (quoting *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004) (quotation marks omitted)).  Although the unsophisticated consumer is nether "shrewd nor experienced in dealing with creditors," he or she is not "tied to the very last rung on the [intelligence or] sophisticated ladder." *Id.*

The basis of Defendants' argument is that "plaintiff believed she could be sued because of what she was told by Seton – not because of the text of Medicredit's letter" and "Plaintiff has

herself testified that the Letter does not threaten litigation; she was afraid of being sued because of what Seton representatives told her." (Motion, Dkt. #85, p. 9). This argument, however, is irrelevant because the unsophisticated consumer standard is an objective standard that does not focus on what the individual plaintiff personally believes. *Hsu,* 2018 WL 315758, at *2 (quoting *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148, at *4 (W.D. Tex. June 24, 2016)("Application of the unsophisticated consumer test is objective, meaning that it is unimportant whether the individual who actually received an allegedly violative letter was misled or deceived.")).

Defendants further argue that this court should rely on the *Leone* test in its evaluation of whether the letter conveys a legal threat. (Motion, Dkt. # 85, p. 8); *Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343, 348 (E.D.N.Y. 2009). The *Leone* test has not been used in this district, and although Plaintiff cites to the case in paragraph 29 of her Complaint (Dkt. #1, ¶ 29), it does not support Defendants' position here that the Letter does not threaten litigation. (Motion, Dkt. #85, p. 8). The second prong of the *Leone* test asks "whether the language in the letters explicitly threatens that legal action will be taken, or whether it simply describes available alternatives which include possible legal action." *Leone*, 257 F.R.D. at 348. Defendants assert that the second prong is not satisfied because "[t]he Letter does not use any terminology related to legal action or litigation, such as 'court,' 'lawsuit' or 'garnishment.' The Letter does not even set a deadline for action by Plaintiff nor does it suggest any further steps other than a decision about the disposition of Plaintiff's account. Therefore, nothing in the text of the Letter supports Plaintiff's allegation that the Letter threatens legal action." (Motion, Dkt. #85, p. 9). However, this district does not require that the legal threat be explicitly made in order to violate § 1692e(5).

A threat to take legal action does not have to be express. As already discussed by this Court, several courts have held that "an explicit statement or threat of legal action is unnecessary to establish a violation of Section 1692e." *Flecha v. Medicredit, Inc.*, A-16-CV-792 LY, 2017 WL 1326312, at *3 (W.D. Tex. Apr. 10, 2017) (quoting *Kreek v. Phycom Corp.*, No. C o06 03887 JW, 2007 WL 1229315, at *4 (N.D. Cal. Apr. 25, 2007) (quoting *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982))); *see also*, *Gonzales v. Arrow Financial Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011) ("a threat need not be express; it can be implied"). Instead, courts have found that a debt collection letter can constitute a threat of legal action when it "creates the impression that legal action by defendant is a real possibility." *Id.* (citing *Robertson v. Richard J. Boudreau & Assocs., LLC*, No. C09-1682 BZ, 2009 WL 5108479, at *3 (N.D. Cal. Dec. 18, 2009)). For example, in *Long v. H&P Capital, Inc.*, the district court held that a collection letter that contained "vague statements" such as threatening to turn the consumer "over to the authorities" or to "escalate" her case if she did not pay the debt could lead an unsophisticated debtor to interpret such statements as threatening legal action. No. 3:11-cv-00547, 2013 WL 3809672, at * 2 (N.D. Tex. July 23, 2013). The court reasoned that "a debt collector who makes vague references that could be interpreted to imply that he is about to take some sort of legal action violates this section if he has no intentions of taking the threatened action." *Id.* (citing *Long,* 2013 WL 3809672, at * 2 (N.D. Tex. July 23, 2013) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989))); *see also Ikonomidis v. Duggins Law Firm, PLC,* No. 13-5872, 2014 WL 3497246, at * 2 (E.D. La. July 14, 2014) (holding that collection letter from law firm that did not expressly threaten litigation nevertheless created a fact issue as to whether there was an "implied threat" of litigation within the meaning of § 1692e(5)).

As explained in Plaintiff's own Memorandum in support of her Motion for Summary Judgment, the phrasing of Medicredit's letter creates the impression to the unsophisticated or least sophisticated consumer that legal action would occur if payment was not made. (Exhibit 3, Dkt. #85-1, Deposition of Nina Flecha, p. 48:1-11). Plaintiff believed, as an unsophisticated consumer would reasonably believe, that "if you don't pay within the proper time, they can take legal action towards you or they can garnish your wages." (Exhibit 3, Dkt. #85-1, Deposition of Nina Flecha, p. 48:1-11). Here, the May 29, 2016 Letter is crafted to induce an unsophisticated consumer to forgo her rights under the FDCPA and pay the alleged debt immediately so as to avoid a lawsuit that Medicredit knows is never going to materialize. (Exhibit 2, Dkt. #85-1, Medicredit's 30(b)(6) Deposition, p. 33:16-20); *see e.g., lox*, 689 F.3d at 822.

There is no genuine issue of material fact that the language in the May 29, 2016 Letter from Medicredit to Plaintiff would cause the least sophisticated or unsophisticated consumer to believe legal action would occur if voluntary payment was not made. Thus, Defendants' Motion for Summary Judgment should be denied and Plaintiff's Motion should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff, Nina Flecha, respectfully requests that this court deny Defendants' Motion for Summary Judgment and grant judgment in her favor on her FDCPA claim.

Respectfully submitted,

*s/Celetha C. Chatman*　
Celetha Chatman

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on March 20, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: March 20, 2018**                                          Respectfully submitted,


By:   /s/ *Celetha Chatman*

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com